**RIO PAVING COMPANY, Inc., Appellant,**

v.

**James H. MITCHELL, Appellee.**

No. 11852.

Court of Civil Appeals of Texas,
Austin.

Oct. 27, 1971.

Groce, Hebdon, Fahey & Smith, James D. Guess, for appellant.

William H. Crenshaw, Buchanan Dam, for appellee.

PHILLIPS, Chief Justice.

This appeal involves a plea of privilege.

Appellee sued the Appellant paving company for injuries received when a truck, allegedly belonging to Appellant, struck him while he was crossing a roadway still under construction. Appellee brought his suit in Llano County. Appellant filed its plea of privilege asking that the suit be removed to Cameron County, its residence. The court overruled the plea.

Appellee prevailed in the trial court by virtue of Section 9a, an exception to Article 1995, Vernon's Ann.Civ.St. of Texas.[1] Section 9a allows a suit based upon negligence to be brought in the county where the act or omission of negligence occurred. The burden of proof is upon the

---

1. "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * * Sec. 9a. * * * 1. That an act or omission of negligence occurred in the county where suit was filed. 2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment. 3. That such negligence was a proximate cause of plaintiff's injuries."

party claiming this exception, the Appellee here, and in addition to proving that the act or omission of negligence occurred in the county claimed, one relying on the exception must submit sufficient evidence that this act or omission (Subsection 2, Section 9a, Article 1995) "was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment." Upon proper assignment of error [2] to this Court, we find that Appellee failed to meet his burden.

 The driver of the truck involved in the accident or the truck itself, were never identified. Appellee's evidence discloses that an individual by the name of Bill Humphrey took him to a doctor after the accident. However, Appellee did not identify this individual as being an agent, servant, employee or representative of Appellant. Through hearsay testimony, Appellee presented evidence that this same individual told the doctor that "the company" would be responsible for the bill. During this same hearsay testimony the still unidentified Bill Humphrey stated that "the company" was ·Appellant. Hearsay evidence is no evidence. 24 Tex.Jur.2d Evidence section 557, p. 51.

The only other evidence mentioning Appellant is contained in four letters admitted into evidence: (1) a letter from the prime contractor to the resident Highway Engineer requesting permission to sub-contract certain parts of the roadbuilding to Appellant. These items were enumerated in the letter; (2) a letter between the same parties requesting approval of Appellant as "a subcontractor" for the described items; (3) a letter from the District Engineer to the Austin Office of the Highway Department enclosing a copy of the letter described in (2), above, stating that the District Highway Office had no objection to Appellant's performing the specified items of work as subcontractor; (4) a letter from the Highway Department to Appellant stating that the *general contractor* will be required to do at least fifty (50) percent of the work involved in the contract.

Thus from the record before us we are unable to discern who drove the truck in question or to whom it belonged.

We reverse the judgment of the trial court and remand the case with instructions to remove the suit to Cameron County, the residence of the appellant.

Reversed ˙and remanded with instructions.

2. Appellant is before us on six points of error, the first three being that there was no evidence and insufficient evidence of any negligence on part of Appellant proximately causing the accident; and further that a finding that any act of negligence proximately causing the accident is against the great weight and preponderance of the evidence. Points four, five and six were no evidence and insufficient evidence points as to the agency, etc. of the driver and the "great weight and preponderance" question relative thereto.